Corbin, T.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case #16-11742

# Pro se Adversary Complaint for Student Debt

FILED USBC CLRK PHX
2017 FEB 17 PM 2:28

17- AP- 150

U.S. Federal Bankruptcy Court

District of Arizona

Trina Corbin　　　　　　　　　　　　　　　　4600 S. Calle Los Cerros Drive

　　　　　　　　　　　　　　　　　　　　　　Tempe, AZ 85282

Pro Se Debtor and Plaintiff　　　　　　　　　　Chapter 7 Case # 16 - 11742

v.

U.S. Dept. of Education　　　　　　　　　　　400 Maryland Avenue, SW

　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20202

Navient Loan Servicing　　　　　　　　　　　P.O. Box 9635

　　　　　　　　　　　　　　　　　　　　　　Wilkes-Barre, PA 18773-9635

Defendants

Background

1. I am a 57 year old woman who was laid off from my successful career as a university administrator in 2008. A month later, the crash of 2008 occurred and I subsequently turned 50. I have been unable to secure any full time employment or part time employment since that time, despite rigorous effort.

2. My situation is long term and chronic with no relief in the foreseeable future. As my job skills have deteriorated with no options for retraining or relocating without incurring more debt, my psychological state became and remains tenuous. I can provide medical documentation if the court requires.

3. For the first years of my unemployment I took the unemployment deferral as advised by the Dept. of Ed and Navient, then the hardship option, and forbearance, all of which stopped the clock on the 25 year forgiveness rule. I was only made aware of the details of Income Based Repayment Option as the time allotments for forbearance, unemployment and hardship deferral became used up, and secured IBR for only one year out of eight years of little to no income, as my tax returns reflect.

4. Over the years I have paid $10,944.22 on the first DLSUBCONS loan of $27,556.72 and $9,795.64 on the second DLSUBCONS loan of $24,552.65, (both loans at a consolidated rate of 4.62) for a total of $20,789.86 in payments. On the remaining two DL Plus loans (original amount $12,271.00 now at $20,888.78 and original amount of $4,278.00 now at $6,806.82 both at 7.99 percent) I have been unable to pay anything. The Navient statement of 8/24/16 shows unpaid principal total of $75,388.20; as of the last statement on 9/25/16 a month later, unpaid principal jumped to $80,727.59.

5. I have few years left to seek employment with diminished job skills, no connections, age and long term unemployment, and obliterated credit score biasing the employment market against me, even for minimum wage work apparently. When I am eligible for Social Security, it will be garnished, though it will be less than the poverty guidelines for 2017. I spend nothing on recreation, nor have I for years, as my bank statements will attest.

6. I have no options, nor resources for relocation.

7. My limited exempt assets will be depreciating as I must use what is left of my small 401 account for basic expenses such as electricity and water; furthermore, as I age health/vision/dental related and other basic expenses for sustenance existence will only increase.

Relief

I am asking the Court to determine that my Student Loan Debt to the U.S. Department of Education and Navient is dischargeable as an undue hardship.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Trina Corbin | **DEFENDANTS** Dept of Education Naviet Loan servicing |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Trina Cocbrn || BANKRUPTCY CASE NO. 16-11742 ||
| DISTRICT IN WHICH CASE IS PENDING || DIVISION OFFICE | NAME OF JUDGE Collins |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE || PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.